Jed W. Manwaring ISB #3040
Aaron R. Bell, ISB #10918
EVANS KEANE LLP
1161 W. River Street, Suite 100
P. O. Box 959
Boise, Idaho  83701-0959
Telephone:  (208) 384-1800
Facsimile:   (208) 345-3514
E-mail:  jmanwaring@evanskeane.com
         abell@evanskeane.com

**Attorneys for Michael Stanley**

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re:** | Case No. 21-20237-NGH |
| **SLEESTAK, LLC,** | Chapter 7 |
| Debtor. | |
| **HANS WEIG, in his capacity of creditor the Estate, and putative member of Sleestak, LLC.** | Adv. Pro. No. 22-07008-NGH |
| Plaintiff, | |
| vs. | |
| **MICHAEL STANLEY,** | |
| Defendant. | |

### DEFENDANT'S MOTION TO STRIKE
### PORTIONS OF DECLARATIONS OF PLAINTIFF'S COUNSEL

Pursuant to Fed. R. Civ. P. 12(f), 56(c)(4), Bankruptcy Rules 7012(b) and 56, and Fed.

Rules of Evid. 702, 703, 802, Defendant Michael Stanley objects to and moves to strike portions

of the Declarations of Plaintiff's Counsel including: paragraphs 3, 4, and 5 of Declaration of Kevin

Holt in Opposition to Motion for Summary Judgment (Doc. 16-1) ("First Declaration of Holt") and paragraphs 4 and 5 of Declaration of Kevin Holt in Support of Plaintiff's Motion to Continue (Doc. 17-1) ("Second Declaration of Holt"); both filed on January 2, 2023. Mr. Holt as an advocate attorney in this adversary is ethically barred from testifying as either a factual or expert witness in this dispute. The offending paragraphs contain factual allegations that are not within the personal knowledge of Mr. Holt. The offending paragraphs contain rank inadmissible hearsay. The offending paragraphs also contain expert opinions for which no foundation exists.

Fed. R. Civ. P. 12(f) as incorporated by Bankruptcy Rule 7012(b) allows this Court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Defendant submits that the specific identified paragraphs should be stricken within that standard of Rule 12(f).

The Idaho Rules of Professional Conduct bars Mr. Holt from testifying in this matter whether as a factual or expert witness. The applicable rule states:

> RULE 3.7: LAWYER AS WITNESS (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

Idaho R. of Prof. Conduct 3.7. None of the exceptions in Rule 3.7 are applicable to Mr. Holt who must decide whether he wants to be the advocate or a witness. If the later, Mr. Holt must withdraw from representing his client in this adversary. If the former, then the offending paragraphs containing testimony of substance should be stricken entirely if not withdrawn.

In paragraph 3 of the First Declaration of Holt, he testifies to "suspicious items" in the opposing party's declaration. He testifies to "circumstances of Mr. Stanley obtaining a signed deed of trust." He testifies to amounts of payments and ownership levels of the Debtor. None of

these factual allegations are within Holt's personal knowledge as is required by Rule 56(c)(4). All of these factual allegations are hearsay which would be excluded from the evidence by Fed. R. Evid. 802.

In paragraph 4 of the First Declaration of Holt, he attempts to testify payments made and to the Debtor's intentions that Debtor "felt it was necessary to solicit a loan" and there "seems to be some missing money somewhere." Again these factual allegations are not within Holt's personal knowledge and are inadmissible hearsay. The paragraph is not admissible pursuant to Rule 56(c)(4) and Fed. R. Evid. 802.

In paragraph 5 of the First Declaration of Holt, he attempts to testify of and characterize the testimony of Sarah Nelson from the 341 meeting. This is rank hearsay inadmissible pursuant to Fed. R. Evid. 802. If Plaintiff wants to admit the testimony from the 341 meeting, it needs to be transcribed and submitted under a certified or authorized notary or transcriber. Holt cannot just testify to it claiming it to be "difficult," "confusing," or "seemed to indicate" this fact or that.

In paragraph 4 of the Second Declaration of Holt, he attempts to give expert testimony of a legal conclusion that the Deed of Trust violates Idaho Code § 45-1504. This is completely unethical and improper for a party's attorney to submit himself as an expert witness.

In paragraph 5 of the Second Declaration of Holt attempts to testify of the opposing party's intention "only arranged for the subject deed of trust in order to collect a large sum of money prior to any distribution." Finally, Holt testifies as to what he thinks Plaintiff "is entitled to examine." These factual allegations are entirely improper to be put in the court record as Holt's sworn testimony.

For the above reasons, paragraphs 3-5 of the First Declaration of Holt and paragraphs 4 and 5 of the Second Declaration of Holt should be stricken from the record on summary judgment.

Defendant requests that this Motion to Strike be heard at the next date set for hearing on the Defendant's Motion for Summary Judgment.

DATED this 10th day of January, 2023.

                EVANS KEANE LLP

                By    /s/ Jed W. Manwaring
                     Jed W. Manwaring, Of the Firm
                     Attorneys for Michael Stanley

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of January, 2023, I served a copy of the foregoing on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing.

- **Kevin P Holt**   kholt@holtlawoffice.com, nichole@holtlawoffice.com; G18693@notify.cincompass.com

                    /s/ Jed W. Manwaring
                    Jed W. Manwaring